01
02
03
04
05
06
07                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
08                                    AT SEATTLE

09  WAYNE NEVILLE MORRIS,              )   CASE NO. C04-2403Z
                                       )
10                  Plaintiff,         )
                                       )
11       v.                            )   REPORT AND RECOMMENDATION
                                       )
12                                     )
    UNITED   STATES   DISTRICT   COURT,)
13  WESTERN DISTRICT OF WASHINGTON,    )
                                       )
14                                     )
                    Defendant.         )
15  _____)

16
17                    INTRODUCTION AND SUMMARY CONCLUSION

18       Plaintiff, proceeding *pro se*, filed a pleading in this Court titled "Motion Invoking 'Federal

19  Question Jurisdiction,' Pursuant to 28 U.S.C.A. § 1331, To Resolve a 'Well-Pleaded Complaint'

20  of 'Injury,' Pursuant to FRCivP., Rule 7(a), Based Upon Two Constructions of 18 U.S.C.A. §

21  3231, The 'Abrogation' of Article III, § 2, and the Resultant Violations of the 'Separation-of-

22  Powers' Doctrine, With Additional Authority to 'Declare' the Plaintiff's 'Rights' and to 'Create

23  a Remedy' Under 28 U.S.C.A. § 2201(a), Filed in Accordance with FRCivP., Rule 57, and

24  'Injunctive Relief,' Pursuant to 28 U.S.C.A., § 2202, Filed in Accordance with FRCivP., Rule 65."

25  (Dkt. 1.) (emphasis in original).  The Court construed the pleading as a complaint.

26       Plaintiff's complaint concerns alleged errors in CR99-174C (a criminal case in which

REPORT AND RECOMMENDATION
PAGE -1

01  plaintiff was convicted of armed robbery, assault on a federal officer, and related offenses) and in

02  C04-266C (a habeas proceeding under 28 U.S.C. § 2255 that plaintiff brought in this Court to

03  challenge his 1999 conviction).  In particular, plaintiff argues that this Court lacked subject matter

04  jurisdiction to enter a judgment against him in CR99-174C.[1]  Plaintiff requests declaratory and

05  injunctive relief.  Among other things, plaintiff requests a declaration that the Court's judgment

06  in CR99-174C was a "void judgment."  (Dkt. 1 at 48.)

07       Judge Zilly denied plaintiff's request for injunctive relief on the grounds that any defects

08  in the proceedings in CR99-174C and C04-266C had to be raised in the Court of Appeals.  (Dkt.

09  7.)  He also referred all further proceedings in this matter to the undersigned Magistrate Judge.

10       Upon consideration of plaintiff's complaint, the undersigned issued an order to show cause

11  why this case should not be dismissed.  (Dkt. 8.)  Plaintiff filed three documents in response: (1)

12  "'Motion to Counterclaim,' Pursuant to FRCivP., Rule 7(a), to Rebut the Defendant's Affirmative

13  defense, Styled as a 'Show Cause' Order, Presumably Under FRCivP., Rule 8(c)," (Dkt. 9); (2)

14  "Motion to 'Withhold Consent' of this Action being Referred to a United States Magistrate Judge,

15  Pursuant to Title 28 U.S.C.A. § 636(c)(2)," (Dkt. 10); and (3) "Motion to Take 'Judicial Notice,'

16  Pursuant to Federal Rules of Evidence, Rule 201(d)," (Dkt. 11.)  While only the first document

17  responds to the issues raised in the Court's show cause order, the undersigned addresses each of

18  these documents in this report and recommendation in the interest of expediently resolving this

19  matter.

20       Plaintiff's "Motion to 'Withhold Consent'" and "Motion to Take 'Judicial Notice'" pertain

21  to his contention that Judge Zilly erred in referring this matter to the undersigned pursuant to 28

22  U.S.C. § 636(b)(1), allowing for the designation of a magistrate judge to hear and determine

23  appropriate pretrial matters.  Plaintiff contends Judge Zilly should have referred this matter

24  pursuant to 28 U.S.C. § 636(c)(1), allowing for the assignment of a magistrate judge upon the

---

26       [1] Plaintiff also argued in his § 2255 motion that the Court lacked subject matter
     jurisdiction in CR99-174C.  *See, e.g.*, Dkt. 30 in case number C04-266C.

REPORT AND RECOMMENDATION
PAGE -2

01 consent of the parties, and seeks to withhold his consent to such an assignment.  Plaintiff further

02 asserts that the magistrate judge referral results in a conflict of interest given that his current

03 complaint challenges the interpretation of the law contained within the report and recommendation

04 issued by the undersigned in his habeas proceeding.  However, plaintiff fails to demonstrate any

05 error in the referral of this matter pursuant to 28 U.S.C. § 636(b)(1), nor provide any support for

06 his conclusory assertion that the undersigned's involvement in this matter would be improper.

07 Accordingly, plaintiff's motion to take judicial notice, and his associated motion to withhold

08 consent, lack merit.

09       Plaintiff also fails to rebut the deficiencies outlined in the Court's order to show cause in

10 his "'Motion to Counterclaim.'"[2]  Plaintiff's complaint – asserting that the Court lacked subject

11 matter jurisdiction to enter a judgment against him – constitutes a collateral attack on the

12 proceedings in CR99-174C and C04-266C and, by extension, an attack on the validity of his

13 conviction.  Courts "should not exercise jurisdiction over a declaratory judgment action raising

14 questions regarding the validity of a conviction."  *Clausell v. Turner*, 295 F. Supp. 533, 536

15 (S.D.N.Y. 1969).  As Judge Zilly noted in denying the request for injunctive relief, plaintiff's

16 recourse for alleged errors in his criminal and habeas proceedings would be in the Court of

17 Appeals.[3]  *See, e.g.*, *Glitsch, Inc. v. Koch Eng'g Co.,* 216 F.3d 1382, 1384 (Fed. Cir. 2000)

18 ("When a court enters an order that a party does not like, the party's recourse is to seek relief on

19 appeal; it is not appropriate for the party to contest the court's order by filing a new action seeking

20

21      [2] Plaintiff styled this response as a "'Motion to Counterclaim'" based on his belief that the

22 show cause order issued by the Court served as an affirmative defense for defendants.

23      [3] Plaintiff appears to suggest that he has been inhibited from pursuing such an appeal by
this Court.  The Court did deny plaintiff a certificate of appealability, finding his argument that the

24 Court lacked jurisdiction to adjudicate his criminal trial "not debatable" based on Ninth Circuit
precedent, and stating that it would be "frivolous" to encourage plaintiff to proceed further with

25 that claim.  (*See* Dkt. 54 in case number C04-266C).  However, the Court recently sent the appeal
notification packet relating to plaintiff's habeas proceeding to the Court of Appeals.  (*Id*. at Dkt.

26 56.)

REPORT AND RECOMMENDATION
PAGE -3

01     a declaratory judgment challenging the court's ruling in the first case.")

02         "The exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. §

03     2201(a), is committed to the sound discretion of the federal district courts." *Huth v. Hartford Ins.*

04     *Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002). "Even if the district court has subject

05     matter jurisdiction, it is not required to exercise its authority to hear the case." *Id.*  Here, there

06     is little basis for the exercise of the Court's discretion to hear this case even assuming  subject

07     matter jurisdiction exists, given that plaintiff essentially makes a collateral attack on previous

08     judgments by this Court and raises arguments properly pursued in the Court of Appeals.

09         For the reasons described above, the Court recommends that plaintiff's pending motions

10     be denied and this matter dismissed with prejudice.  A proposed order accompanies this report and

11     recommendation.

12         DATED this 5th day of July, 2005.

13

14                   /s/ MARY ALICE THEILER
                     United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE -4